Prob 12 (10/09)
VAE (rev. 5/23)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Olga Kuprina     Docket No. 1:24CR00028-001

### Petition on Supervised Release

COMES NOW Elissa F. Martins, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Olga Kuprina, who was placed on supervision by the Honorable Madeline Cox Arleo, United States District Judge sitting in the Court at Newark, New Jesey, on the 8th day of February, 2023, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachments

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Returnable Date:** July 30, 2025 @ 11am

**ORDER OF COURT**

Considered and ordered this _1_ day of _July_, 2025 and ordered filed and made a part of the records in the above case.

/s/
Rossie D. Alston, Jr.
United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

*Elissa F. Martins* Digitally signed by Elissa F Martins
Date: 2025.06.24 10:34:15 -04'00'

Elissa F. Martins
Senior U.S. Probation Officer
(7030 299-2309

Place: Alexandria, Virginia

**TO CLERK'S OFFICE**

OFFENSE: Fraud by Wire, Radio, or Television Conspiracy (four counts) and one count of Fraud by Wire Affecting a Financial Institution, all in violation of Title 18, U.S.C., Section 1343.

The defendant was sentenced to time served on all counts. She was placed on three (3) years of supervised release as to each count, all to run concurrently. The following special conditions were imposed: 1) ALCOHOL TESTING AND TREATMENT: You must refrain from the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition; 2) COMPUTER MONITORING: You must submit to an initial inspection by the U.S. Probation Office, and to any unannounced examinations during supervision, of your computer equipment. This includes, but is not limited to, personal computers, personal digital assistants, entertainment consoles, cellular telephones, and/or any electronic media device which is owned or accessed by you. You must allow manual searches of these devices and the installation on your computer of any hardware or software systems which monitor computer use. You must pay the cost of the computer monitoring program. You may use a computer in connection with employment if approved by the U.S. Probation Office, provided you notify your employer of the nature of your conviction and any computer related restrictions that are imposed on you. The U.S. Probation Office will confirm your compliance with this notification requirement; 3) IMMIGRATION AND CUSTOMS ENFORCEMENT – COMPLIANCE: You must comply with instructions from Immigration and Customs Enforcement to resolve any problems with your status in the United States. You must provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. You must seek proper documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States. If deported, you must not re-enter the United States without the written permission of the Secretary of United States Department of Homeland Security. If you re-enter the United States, you must report in person to the nearest U.S. Probation Office within 48 hours; and 4) MENTAL HEALTH TREATMENT: You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

A $100 special assessment fee was imposed for each count, totaling $500.

On January 23, 2024, jurisdiction was transferred from the District of New Jersey to the Eastern District of Virginia, and the case as assigned to the Honorable Rossie D. Alston, Jr.

On March 8, 2024, Your Honor approved the following modification of special conditions: 1) The computer monitoring of the defendant's employment related electronic devices will be performed by Recorded Future, the defendant's employer, at its discretion, rather than by Probation; and 2) The computer monitoring of the defendant's personal devices will be monitored by the U.S. Probation Office.

PREVIOUS VIOLATIONS: On May 25, 2023, the undersigned submitted a letter to the District of New Jersey outlining violations of supervision and requested that no action be taken. The letter noted that the defendant relapsed with alcohol use on May 5, 2023. In response to the relapse, treatment sessions were increased to include both weekly individual and relapse prevention group therapy. Additionally, the defendant completed an intensive outpatient substance abuse treatment program through her insurance, Kaiser Permanente. She also attended the sanction group through the Probation Office.

On December 7, 2023, the undersigned submitted a letter to the District of New Jersey outlining additional violations of supervision and requested that no action be taken. Additionally, this officer requested the Court consider transfer of jurisdiction in this case to ease response to any future non-compliance. The letter noted that on October 31, 2023, Ms. Kuprina submitted a urine screen that confirmed positive for the use of cocaine. She denied drug use despite GC/MS confirmation but on December 4, 2023, the defendant signed an Admission of Drug Use form stating she was at a party on October 28-29, 2023, where drugs were present. She maintains that she did not knowingly consume any illegal substances. In response to the positive urine screen, the frequency of drug testing and treatment services were increased, and Ms. Kuprina attended the sanction group on December 20, 2023.

ADJUSTMENT TO SUPERVISION: The defendant's term of supervised release commenced on February 8, 2023. Her supervision was directly transferred to the Eastern District of Virginia, Alexandria Division, due to her residential location. The special assessment fees were paid in full on February 28, 2023. The defendant's compliance on supervision has fluctuated over time. The defendant's adjustment to supervision has significantly improved since the above-noted violations.

Ms. Kuprina lives in Arlington, Virginia, with her mother and daughter. In March 2024, Ms. Kuprina commenced employment with Recorded Future, as a Senior Threat Intelligence Analyst, Russian Language Cyber Expert. The defendant's employer has related that Ms. Kuprina is doing excellent work for their company. Recorded Future reported they have no concerns related to the use of the defendant's employer issued electronic devices. This officer monitors the defendant's personal cell phone and reports nothing of concern.

Ms. Kuprina attends dual diagnosis substance abuse/mental health treatment and counseling with Alliance Therapy. The defendant reports for random drug testing and breathalyzers as directed by probation.

Ms. Kuprina is not a U.S. Citizen and has a deferred action and work authorization that expired on April 10, 2025. This officer contacted law enforcement to inquire about the defendant's updated immigration status, who advised that USCIS related that it could take between six (6) months to one (1) year to complete and approve the paperwork for a deferred action. At this time, no other work authorization or deferred action has been submitted on behalf of the defendant. On June 23, 2025, the undersigned conducted an immigration check that reflected that Ms. Kuprina is not legally in the United states and appears to be subject to removal proceedings.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**STANDARD CONDITION 8:**      **ASSOCIATION WITH A PERSON CONVICTED OF A FELONY WITHOUT THE PERMISSION OF THE PROBATION OFFICER.**

On June 17, 2025, the undersigned was contacted by Senior U.S. Probation Officer (SrUSPO) Kenneth Bergman of the Eastern District of Pennsylvania. SrUSPO Bergman advised that Ms. Kuprina was in a new relationship with one of his former persons under supervision (PUS), who was convicted in the District of New Jersey in February 2018, on the charges of Conspiracy to Commit Unauthorized Access to Protected Computers and Conspiracy to Commit Wire Fraud.

On June 17, 2025, this officer contacted the defendant via telephone. Ms. Kuprina advised that she met the PUS at a conference in Washington, DC, on June 6, 2025, and reports they got married on June 14, 2025. This writer notes that the offense conduct of the PUS is similar in nature as the defendant's instant offense. SrUSPO Bergman advised the defendant and the PUS knew of each other due to the nature of their offenses both involving high level hacking, but did not meet in person until June 6, 2025.

The defendant did not have permission to communicate or interact with the PUS, a convicted felon, and failed to contact this officer to request permission. Once this officer learned of this information, the defendant was instructed that she cannot communicate or interact with the PUS.

EFM/ljt/be